NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0232n.06
Filed: March 30, 2005

Nos. 03-2087/2123/2124

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DANIEL P. O'BRIEN et al., | ) | |
| | ) | |
| Plaintiffs-Appellants/Cross-Appellees, | ) ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| NEW BUFFALO TOWNSHIP et al., | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees/Cross-Appellants. | ) ) | |

Before: SILER, BATCHELDER, and DAUGHTREY, Circuit Judges.

Plaintiff Daniel P. O'Brien was the original owner of property in New Buffalo, Michigan, that ultimately became the Whittaker Woods Golf Community, a mixed-use development including a golf course, a clubhouse, a restaurant, single-family homes, and multi-family townhouses. The remaining plaintiffs, Whittaker Woods Golf Club, L.P., and Whittaker Woods Golf Associates, Inc., were formed by Daniel O'Brien and his wife for the sole purpose of owning and managing the development. When defendant New Buffalo Township, through the remaining defendants – the township's supervisor, trustees, employees, and its engineering consultant – denied the plaintiffs permits they needed to complete construction of the development, O'Brien, Whittaker Woods Golf Club, and

Whittaker Woods Golf Associates filed suit against the defendants in federal district court, alleging that:

> [T]he Township defendants acted arbitrarily and capriciously in denying a building permit to construct the first home at Whittaker Woods and in denying approval of water and sewer systems of Phase I of Whittaker Woods; that, following the November 2000 township elections, defendants retaliated against plaintiffs because Mr. O'Brien had supported opposing candidates for township office; and that defendants libeled Mr. O'Brien in a September 2000 letter that falsely accused plaintiffs of engaging in construction of Whittaker Woods without the necessary permits.

After a suitable discovery period, the district judge issued an extensive 53-page written opinion disposing of summary judgment motions filed by all parties and effectively dismissing the plaintiffs' lawsuit. The plaintiffs now appeal from that opinion and order, asserting that the district court erred in finding no merit to their claims of retaliation for the exercise of First Amendment freedoms, violation of substantive due process by engaging in arbitrary and capricious decision-making, and libel. The township defendants cross-appeal, contending that plaintiff O'Brien had no standing to advance the claims asserted in the initial and amended complaints filed in this matter. Defendants Larry Merritt and Merritt Engineering, Inc., also cross-appeal, contending that O'Brien is without standing and that Merritt and his engineering firm cannot properly be deemed "state actors" for purposes of 42 U.S.C. § 1983.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing

the complaint. The question of plaintiff O'Brien's standing to bring the action has been vigorously argued at each stage of the litigation. The district court opted not to examine the issue at length, finding that although O'Brien's standing to sue in his own name may have been subject to dispute, "the issue ha[d] been rendered moot" by the addition of the other plaintiffs to the suit. We agree. Moreover, because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion dated July 21, 2003.